**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER L. HYNES and** | : | |
| **TEAMCARE BEHAVIORAL HEALTH,** | : | |
| **LLC,** | : | **No.  1:21-cv-01736** |
| **Plaintiffs** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **DERRY TOWNSHIP SCHOOL** | : | |
| **DISTRICT,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

The above-captioned action comes before the Court, sua sponte, based upon the failure of

Plaintiff Jennifer L. Hynes ("Plaintiff Hynes") and Plaintiff TEAMCare Behavioral Health, LLC

("Plaintiff TEAMCare") to prosecute this case.  For the reasons set forth below, the Court finds

that Plaintiff Hynes' and Plaintiff TEAMCare's failure to prosecute warrants dismissal of this

case under Rule 41 of the Federal Rules of Civil Procedure.

**I.      BACKGROUND**

On October 11, 2021, Defendant Derry Township School District ("Defendant") filed a

notice of removal (Doc. No. 1) of an amended complaint filed against it in the Dauphin County

Court of Common Pleas by Plaintiffs Jennifer L. Hynes and TEAMCare Behavioral Health, LLC

("Plaintiffs").  The amended complaint asserted three claims against Defendant: breach of

contract (Count I) by Plaintiff TEAMCare against Defendant, defamation and disparagement

(Count II) by both Plaintiffs against Defendant, and a First Amendment retaliation claim

pursuant to 42 U.S.C. § 1983 (Count III) by Plaintiff Hynes against Defendant.  (Doc. No. 1-2 at

8–10.)  On October 18, 2021, Defendant filed a motion to dismiss Counts I, II, and, in part, III of

Plaintiffs' amended complaint.  (Doc. No. 3.)  Fourteen (14) days later, on November 2, 2021,

Defendant filed a brief in support of the motion, in accordance with Local Rule 7.5.  (Doc. No. 4.)  Pursuant to Local Rule 7.6, Plaintiffs' brief in opposition to Defendant's motion was due on November 15, 2021.  <u>See</u> L.R. 7.6.  Plaintiffs failed to file a timely brief in opposition to Defendant's motion, which remains pending.

On November 19, 2021, the Court became aware, through a filing in another case, <u>Hartman v. Gratz Borough</u>, No. 1:21-cv-01735 (M.D. Pa.), that, on November 18, 2021, Plaintiffs' attorney in this case, Andrew W. Barbin ("Mr. Barbin"), who also represented the plaintiff in the <u>Hartman</u> case, was suspended from the practice of law by the Supreme Court of Pennsylvania for a period of eighteen (18) months.  <u>See</u> Docket No. 1:21-cv-01735, ECF No. 8. Accordingly, on November 23, 2021, the Court issued an Order staying all deadlines in this case pending further Order of court.  (Doc. No. 6.)  On January 6, 2022, Chief Judge Matthew W. Brann, noting the Supreme Court of Pennsylvania's November 18, 2021 suspension of Mr. Barbin from the practice of law for a period of eighteen (18) months, issued an Order suspending Mr. Barbin from the Bar of the Middle District of Pennsylvania for a period of eighteen (18) months.  <u>See</u> <u>In re Barbin</u>, No. 4:21-mc-00906 (M.D. Pa.), ECF No. 3.

On August 3, 2023, in the absence of notice that Mr. Barbin's license to practice law had been reinstated, the Court issued an Order (Doc. No. 7) directing Plaintiffs to retain new counsel and to direct that counsel to file a notice of appearance in this case by September 15, 2023 (<u>id</u>. at 2).  The Court's August 3, 2023 Order also directed Defendant's counsel to serve a copy of the Order on both Plaintiffs no later than August 17, 2023, in a manner consistent with Federal Rule of Civil Procedure 4, as informed by Pennsylvania law, and thereafter file a notice with the Court indicating that such service was made (including date and means of service) or state that service was attempted (including means of service attempted), by August 24, 2023.  (<u>Id.</u>)

On August 24, 2023, Defendant's counsel filed a letter as directed by the Court (Doc. No. 8), indicating that service of the Court's August 3, 2023 Order was effected on both Plaintiffs by way of certified mail and regular mail.  That letter attached four exhibits (Doc. Nos. 8-1 through 8-4) attesting to such service.  However, despite service of the Court's August 3, 2023 Order, Plaintiffs failed to comply with the terms of said Order and did not file anything on the Court's docket indicating that they had obtained new counsel to proceed with the litigation of this action.

On December 20, 2023, because the Court had still not heard from the Plaintiffs, the Court issued a subsequent Order (Doc. No. 9) directing Plaintiffs to show cause by January 17, 2024, as to why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (id. at 3).  The Court's December 20, 2023 Order also directed Defendant's counsel to serve a copy of the Order on both Plaintiffs no later than January 3, 2024, in a manner consistent with Federal Rule of Civil Procedure 4, as informed by Pennsylvania law, and thereafter file a notice with the Court that such service was made (including date and means of service) or state that service was attempted (including means of service attempted) by January 10, 2024.  (Id.)

On January 9, 2024, Defendant's counsel filed a letter as directed by the Court (Doc. No. 10), indicating that service of the Court's December 20, 2023 Order was effected on both Plaintiffs by way of certified mail and regular mail.[1]  However, despite service of the Court's

---

[1] On February 6, 2024, Defendant's counsel filed an additional letter (Doc. No. 11) which included a certified mail receipt related to Plaintiff Hynes, but Defendant's counsel shared that he is still awaiting a certified mail receipt related to Plaintiff TEAMCare.  Regardless, consistent with Federal Rule of Civil Procedure 4 and as informed by Pennsylvania law, proper service was effected on both Plaintiffs when Defendant's counsel served the Court's December 20, 2023 Order, by way of certified mail, to the last known address of each Plaintiff.  See Fed. R. Civ. P. 4; Pa. R. Civ. P. 440.

December 20, 2023 Order, Plaintiffs failed to file any response to said Order and thus, Plaintiffs again failed to comply with a Court Order.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of a plaintiff "to prosecute or to comply with these rules or a court order[.]"  See Fed. R. Civ. P. 41(b).  District courts have the inherent power to dismiss an action sua sponte for failure to prosecute.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of prosecution" (citation, internal citation, and internal quotation marks omitted)).

When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must consider and balance the six (6) factors set forth by the United States Court of Appeals for the Third Circuit ("Third Circuit") in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

See id. at 868–70.  However, no single factor is dispositive, and not all of these factors must be satisfied in order for the Court to dismiss an action.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (stating that "we have also made it clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint'" (quoting Mindek, 964 F.2d at 1373)).

III.   **DISCUSSION**

The Court first addresses the Poulis factors as applied to Plaintiff Hynes before addressing the status of Plaintiff TEAMCare.

A.   **Plaintiff Hynes**

In accordance with the legal standard set forth above, the Court addresses each of the Poulis factors in turn below. Ultimately, the Court's assessment of those factors leads the Court to conclude that Plaintiff Hynes' lack of prosecution in this litigation warrants dismissal, with prejudice, of her claims against Defendant under Rule 41(b) of the Federal Rules of Civil Procedure.

1.   **Extent of the Party's Responsibility**

As to the first Poulis factor—extent of the party's responsibility—the Court recognizes Plaintiff Hynes as a self-represented litigant. Although Plaintiff Hynes possessed legal counsel when she initially appeared before the Court, her counsel has since been suspended from the practice of law. Despite being notified of this development in November of 2021 (Doc. No. 6) and receiving an Order from the Court to retain new counsel in August of 2023 (Doc. No. 7), Plaintiff Hynes never retained new legal counsel. While Plaintiff Hynes was not initially responsible for the prosecution of her action, "a client cannot always avoid the consequences of the acts or omissions of its counsel." See Poulis, 747 F.2d at 868. Therefore, it became her personal responsibility to comply with the Court's Orders. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (recognizing "that because [Plaintiff] is proceeding pro se, his failure to comply with orders could not be blamed on counsel"); Sanders v. Beard, No. 09-cv-01384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (stating that "[w]hile parties acting pro se are given leeway in certain requirements, they are not excused from complying with court orders"). As

stated by the Third Circuit, "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." See Briscoe, 538 F.3d at 258–59 (citation and emphasis omitted).

Here, Plaintiff Hynes has failed to comply with two (2) Court Orders (Doc. Nos. 7 and 9), one of which specifically directed her to show cause on or before January 17, 2024, as to why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) (Doc. No. 9). Thus, because Plaintiff Hynes was properly served with both Court Orders, see (Doc. Nos. 8 and 11), and did not respond to either Order, the Court finds that Plaintiff Hynes, as a self-represented litigant, is personally responsible for such inaction in this case. See Hildebrand v. Allegheny County, 923 F.3d 128, 133 (3d Cir. 2019) (stating that, "in determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal" (citation and internal quotation marks omitted)). Accordingly, the Court concludes that this first factor—the extent of the party's responsibility— weighs in favor of dismissal of Plaintiff Hynes' claims against Defendant.

### 2.      Prejudice to the Adversary

When examining the second Poulis factor—prejudice to the adversary—the Court must consider whether Plaintiff Hynes' failure to comply with the Court's Orders prejudices Defendant. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (citation and internal quotation marks omitted). Prejudice, however, "is not limited to irremediable or irreparable harm. It also

includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  See id. (citations and internal quotation marks omitted).

Here, the Court finds that Plaintiff Hynes' failure to communicate with the Court, and her failure to comply with the Court's Orders, thwarts and delays resolution of her claims against Defendant.  The Court also finds that, going forward, Plaintiff Hynes' lack of prosecution would prejudice Defendant because, without Plaintiff Hynes' participation in this litigation, Defendant will be unable to seek a timely resolution of the case.  Accordingly, for these reasons, the Court concludes that this second factor—prejudice to the adversary—weighs in favor of dismissal of Plaintiff Hynes' claims against Defendant.

### 3.      History of Dilatoriness

In examining the third Poulis factor—history of dilatoriness—the Court recognizes that "a history of dilatoriness" is generally demonstrated through "extensive or repeated delay or delinquency[.]"  See Hildebrand, 923 F.3d at 135; see also Briscoe, 538 F.3d at 261 (stating that conduct which "occurs one or two times is insufficient to demonstrate a history of dilatoriness" (citation and internal quotation marks omitted)).  Moreover, "[w]hile extensive delay may weigh in favor of dismissal, a party's problematic acts must be evaluated in light of its behavior over the life of the case."  See Hildebrand, 923 F.3d at 135 (citation and internal quotation marks omitted).  Indeed, such delay can be mitigated by the time during which the party litigates the case responsibly.  See id. (showing by way of example that, because the plaintiff in Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863 (3d Cir. 1994) "had litigated the case responsibly for ten years prior to the hiatus, the delay was somewhat mitigated and weighed toward, but did not mandate, dismissal" (citation, internal quotation marks, and alterations omitted)).

Here, although the Court issued a temporary stay of all deadlines in November 2021, since August of 2023, Plaintiff Hynes failed to respond to two (2) Court orders (Doc. Nos. 7 and 9), and therefore the Court finds that her conduct has demonstrated repeated delinquency. She first failed to respond to the Court's August 3, 2023 Order requiring a response by September 15, 2023 (Doc. No. 7), and then failed to respond to the Court's December 20, 2023 Order which specifically directed her to show cause on or before January 17, 2024, as to why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) (Doc. No. 9). Accordingly, for these reasons, the Court concludes that Plaintiff Hynes' failures suggest her intent not to continue with this litigation. Thus, the Court concludes that this third factor— history of dilatoriness—weighs in favor of dismissal of Plaintiff Hynes' claims against Defendant.

### 4.    Willful or Bad Faith

The Court next evaluates the fourth Poulis factor and, specifically, whether Plaintiff Hynes' conduct was willful or in bad faith. While the Court is unable to assess, based upon the record before it, whether Plaintiff Hynes has acted in bad faith, the Court finds that Plaintiff Hynes' failure to communicate with the Court and her failure to respond to the Court's Orders can be appropriately described as willful conduct, and not merely inadvertent or negligent conduct. See Hildebrand, 923 F.3d at 135 (explaining that, under the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior" (citation and internal quotation marks omitted)); Emerson, 296 F.3d at 191 (agreeing with the district court's finding that "failing to comply with the court's orders" and "dragging the case out" was "willful" conduct); Gilyard v. Dauphin Cnty. Work Release, No. 10-cv-01657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010) (concluding that the "[p]laintiff's repeated dilatory conduct and failure to abide by

court orders demonstrate a willful disregard for procedural rules and court directives"). Accordingly, the Court concludes that the fourth factor—willful or bad-faith conduct—weighs in favor of dismissal of Plaintiff Hynes' claims against Defendant.

### 5. Effectiveness of Sanctions

In regard to the fifth Poulis factor—the effectiveness of sanctions other than dismissal—the Court considers whether alternative sanctions would likely prove effective in facilitating prosecution of the action. Although Plaintiff Hynes' counsel paid the full filing fee in the Dauphin County Court of Common Pleas, see (Doc. No. 5), since Plaintiff Hynes is currently proceeding pro se, her individual financial status is unknown. Therefore, a monetary sanction could be effective. However, Plaintiff Hynes has not responded to the Court's Orders, has not attempted to explain her failure to respond to the Court's Orders, has not attempted to seek additional time in which to do so, and has had no communication with the Court for more than six (6) months. Thus, it is likely that she would not comply even if she were to receive a Court Order imposing monetary sanctions against her. Accordingly, the Court concludes that this fifth factor—effectiveness of sanctions—weighs in favor of dismissal of Plaintiff Hynes' claims against Defendant.

### 6. Meritoriousness of the Claim

Lastly, regarding the sixth Poulis factor—meritoriousness of the claim—the Court observes that a claim is considered meritorious when the allegations in the complaint, if they were to be established at trial, would support recovery by the plaintiff. See Poulis, 747 F.2d at 869–70. As a result, in order to determine whether a party's claims are meritorious, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Briscoe, 538 F.3d at 263.

Here, the operative complaint asserted two claims by Plaintiff Hynes against Defendant: defamation and disparagement (Count II) and a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 (Count III) (Doc. No. 1-2 at 8–10.)  Although Defendant filed a motion seeking the partial dismissal of Plaintiff Hynes' claims, because Plaintiff Hynes' counsel was suspended from the practice of law and the Court accordingly stayed all deadlines related to the motion to dismiss, the Court never addressed Defendant's partial motion to dismiss.  For these reasons, and without Plaintiff Hynes' further participation in this litigation, the Court ultimately finds that the true merit of Plaintiff Hynes' claims against Defendant cannot be appropriately determined. Accordingly, while this Court finds that the sixth factor—meritoriousness of the claim—is neutral as it neither weighs in favor of nor against dismissal of Plaintiff Hynes' claims, it is ultimately of minimal significance to the Court.

### 7.      Conclusion

On consideration and balance of all of the Poulis factors, the Court concludes that Plaintiff Hynes' failure to communicate with the Court for more than six (6) months after specific direction from the Court to do so by way of two Orders—including a December 20, 2023 Order that directed her to show cause as to why the action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)—demonstrates that she has abandoned this action.  Therefore, dismissal of this case is warranted under Rule 41(b) of the Federal Rules of Civil Procedure.  See Hildebrand, 923 F.3d at 132 (explaining that "[n]one of the Poulis factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution" (citation omitted)); Briscoe, 538 F.3d at 263 (stating that "no single Poulis factor is dispositive . . . [and it is] clear that not all of the Poulis factors need be satisfied in order to dismiss a complaint" (citations and internal

quotation marks omitted)).  Thus, for all of the foregoing reasons, the Court will dismiss Plaintiff Hynes' claims against Defendant with prejudice.  See Hildebrand, 923 F.3d at 132 (explaining that dismissal with prejudice is a drastic sanction that must be used as a last resort, but also recognizing that, in appropriate cases, dismissal is "a sanction rightfully in the district courts' toolbox . . .").

The Court next turns to the status of Plaintiff TEAMCare.

**B.      Plaintiff TEAMCare**

As an initial matter, this Court recognizes that other district courts in the Third Circuit have dismissed cases in which corporate plaintiffs have refused to retain counsel under Rule 41(b) without addressing the Poulis factors.  See, e.g., B&S Int'l Trading Inc. v. Meer Enter. LLC, No. 18-cv-11546, 2023 WL 8253073, at *2 (D.N.J. Nov. 29, 2023) (dismissing corporate plaintiff's action under Rule 41(b) without analyzing the Poulis factors after finding that the plaintiff's knowledge of its obligations and "absence of new counsel establish[ed] that plaintiff ha[d] effectively 'abandoned' its case"); CRA, Inc. v. Ozitus Int'l, Inc., No. 16-cv-05632, 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) (dismissing action under Rule 41(b) without analyzing the Poulis factors where the corporate plaintiff failed to obtain counsel and "affirmatively abandoned its case").

However, mindful of the Third Circuit's directive to use the Poulis analysis before deciding to dismiss a case pursuant to Rule 41(b), and out of an abundance of caution, this Court will proceed to address the Poulis factors as they apply to Plaintiff TEAMCare.  See Knoll v. City of Allentown 707 F.3d 406, 409 (3d Cir. 2013) (stating that "we have required consideration of the Poulis factors . . . when a district court dismisses a case pursuant to Rule 41(b) for failure to prosecute"); see also Sync Labs LLC v. Fusion Mfg., No. 2:11-cv-03671, 2014 WL 2601907,

at *4 (D.N.J June 11, 2014) (deciding to conduct a <u>Poulis</u> analysis while recognizing that "it is not uncommon for a court to summarily dismiss a corporate party for failure to retain counsel-that is, without a full <u>Poulis</u> analysis").

Therefore, in accordance with the legal standard set forth above, the Court must address each of the <u>Poulis</u> factors as they apply to Plaintiff TEAMCare.  However, because the analyses of <u>Poulis</u> factors two (2) through six (6) for both Plaintiff TEAMCare and Plaintiff Hynes are practically identical, only the first <u>Poulis</u> factor—extent of the party's responsibility—requires additional consideration.  Ultimately, the Court's assessment of the <u>Poulis</u> factors leads the Court to conclude that Plaintiff TEAMCare's lack of prosecution in this litigation warrants dismissal, with prejudice, of its claims against Defendant under Rule 41(b) of the Federal Rules of Civil Procedure.

### 1.    Extent of the Party's Responsibility

As to the first <u>Poulis</u> factor—extent of the party's responsibility—the Court must consider how Plaintiff TEAMCare's status as a limited liability company ("LLC") affects the extent of its responsibility in prosecuting this action.  A corporation or LLC can only appear in federal courts through licensed legal counsel and therefore cannot appear pro se.  <u>See</u> <u>Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 202–04 (1993) (stating that "it has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); <u>Simbraw, Inc. v. U.S.</u>, 367 F.2d 373, 373–74 (3d Cir. 1996) (stating that "a corporation, to litigate its rights in a court of law, [must] employ an attorney at law to appear for it and represent it in the court or courts before whom its rights need to be adjudicated"); <u>Dougherty v. Snyder</u>, 469 F. App'x. 71, 72 (3d. Cir. 2012) (unpublished) (explaining that this requirement also applies to LLCs since they, like corporations, have a legal

identity separate from their members).  Therefore, the analysis of the extent of Plaintiff TEAMCare's responsibility differs from the analysis of the extent of Plaintiff Hynes' responsibility.  However, in regard to the first <u>Poulis</u> factor, a corporate plaintiff can still be found personally responsible for failing to prosecute its case.  See <u>Adams</u>, 29 F.3d at 873 (finding the corporate plaintiff personally responsible despite the dilatory conduct of its in-house counsel); <u>Opta Sys., LLC. v. Daewoo Electr. Am.</u>, 483 F. Supp. 2d 400, 406 (D.N.J. 2007) (finding that dismissal was appropriate where a corporate plaintiff without counsel "was clearly responsible for its recent conduct" when it was notified of its lack of counsel; "afforded an opportunity to retain new counsel; and failed to do so").

　　　Here, Plaintiff TEAMCare possessed legal counsel when it initially appeared before the Court.  However, after Plaintiff TEAMCare's counsel was suspended from the practice of law for eighteen (18) months, Plaintiff TEAMCare was not able to proceed in this action until the end of its counsel's suspension or until it retained new legal counsel.  At the end of the suspension period in August 2023, because Plaintiff TEAMCare was still without counsel, this Court notified Plaintiff TEAMCare about its lack of counsel and ordered Plaintiff TEAMCare to retain new counsel by September 15, 2023.  (Doc. No. 7.)  Four (4) months later, after not receiving any communication from Plaintiff TEAMCare, this Court issued an Order directing Plaintiff TEAMCare to show cause as to why the action should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).  (Doc. No. 9.)  Plaintiff TEAMCare again refused to respond.  At this point, "[t]his is not the sympathetic situation of an innocent client suffering the sanction of dismissal due to" its counsel's actions.  See <u>Adams</u>, 29 F.3d at 873.  Because Plaintiff TEAMCare knew it lacked counsel and after six (6) months still refused to retain counsel or communicate with the Court, Plaintiff TEAMCare is personally responsible

for its recent conduct.  Accordingly, the Court concludes that this first factor—the extent of the party's responsibility—weighs in favor of dismissal of Plaintiff TEAMCare's claims against Defendant.

### 2.    Remaining <u>Poulis</u> Factors

As stated previously, because Plaintiff TEAMCare's conduct is nearly identical to Plaintiff Hynes' conduct in this case, an extensive analysis of the remaining <u>Poulis</u> factors as applied to Plaintiff TEAMCare is not necessary.  Therefore, the Court will only briefly address the remaining factors.  Concerning the second <u>Poulis</u> factor—prejudice to the adversary—Plaintiff TEAMCare's failure to communicate with the Court thwarts Defendant's timely resolution of this case.  <u>See</u> discussion <u>supra</u> III.A.2.  Accordingly, the second <u>Poulis</u> factor weighs in favor of dismissal.  Concerning the third <u>Poulis</u> factor—history of dilatoriness—Plaintiff TEAMCare has failed to respond to two (2) Court orders (Doc. Nos. 7 and 9) and has had no communication with the Court for six (6) months.  <u>See</u> discussion <u>supra</u> III.A.3.  Accordingly, the third <u>Poulis</u> factor weighs in favor of dismissal.  Concerning the fourth <u>Poulis</u> factor—willful or bad faith—the Court finds that Plaintiff TEAMCare's failure to communicate with the Court and failure to respond to the Court's Orders can be appropriately described as willful conduct, and not merely inadvertent or negligent conduct.  <u>See</u> discussion <u>supra</u> III.A.4.  Accordingly, the fourth <u>Poulis</u> factor weighs in favor of dismissal.  Concerning the fifth <u>Poulis</u> factor—effectiveness of sanctions—Plaintiff TEAMCare's failure to respond to Court Orders and failure to have any communication with the Court indicates that any other sanction beside dismissal would be ineffective.  <u>See</u> discussion <u>supra</u> III.A.5.  Accordingly, the fifth <u>Poulis</u> factor weighs in favor of dismissal.  Concerning the sixth <u>Poulis</u> factor—meritoriousness of the claims—because of the suspension of Plaintiff TEAMCare's counsel from the practice of law

and the Court's decision to stay all deadlines in the case, the merits of Plaintiff TEAMCare's claims against Defendant—breach of contract (Count I) and defamation and disparagement (Count II)—were never addressed. <u>See</u> discussion <u>supra</u> III.A.6.  Accordingly, the sixth <u>Poulis</u> factor is neutral and neither weighs in favor of nor against dismissal.

### 3.    Conclusion

On consideration and balance of all of the <u>Poulis</u> factors, the Court concludes that Plaintiff TEAMCare's failure to retain counsel for more than six (6) months after receiving specific direction from the Court to do so (Doc. No 7) demonstrates its failure to prosecute this case.  Therefore, dismissal of this case is warranted under Rule 41(b) of the Federal Rules of Civil Procedure.  <u>See Hildebrand</u>, 923 F.3d at 132 (explaining that "[n]one of the <u>Poulis</u> factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution" (citation omitted)); <u>Briscoe</u>, 538 F.3d at 263 (stating that "no single <u>Poulis</u> factor is dispositive . . . [and it is] clear that not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint" (citations and internal quotation marks omitted)).  Thus, for all of the foregoing reasons, the Court will dismiss Plaintiff TEAMCare's claims against Defendant with prejudice.  <u>See Hildebrand</u>, 923 F.3d at 132 (explaining that dismissal with prejudice is a drastic sanction that must be used as a last resort, but also recognizing that, in appropriate cases, dismissal is "a sanction rightfully in the district courts' toolbox . . .").

## IV.    CONCLUSION

For all of the foregoing reasons, the Court will dismiss with prejudice all of Plaintiff Hynes' and Plaintiff TEAMCare's claims against Defendant under Rule 41(b) of the Federal

Rules of Civil Procedure based upon Plaintiff Hynes' and Plaintiff TEAMCare's failure to prosecute.  An appropriate Order follows.


<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania